UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| In Re:  J. Henderson | )<br>)<br>) Civil No. 08-56-P-S<br>)<br>) |

**RECOMMENDATION THAT ACTION BE DISMISSED**

"J. Henderson" filed an "Application for Residency" and an application to

proceed in forma pauperis on February 20, 2008.  I entered an order to show cause on

February 21, 2008, directing Henderson to file a compliant in forma pauperis application

and to file an amended complaint that sets forth a cognizable federal cause of action.

I explained:

> The gist of Henderson's application appears to be that he wants
> this court, in an ex parte proceeding, to determine under federal law that
> his residency has changed from Michigan to Maine.  Henderson alleges
> that someone, somewhere has denied his due process rights under federal
> law because Henderson wants to become a resident of Maine and has not
> been able to access the state courts in order to change his residency.
> Vaguely referenced in the application is a reference to Maine's Adult
> Probation/Parole system which has apparently failed to assist him upon his
> release from Michigan's "institutional village."  If Henderson believes his
> civil rights have been violated by Maine officials, he will have to name as
> respondents/defendants those individuals involved in the deprivation of his
> civil rights so they can be notified of the pendency of this lawsuit and
> given a chance to respond.  This court will not entertain any "ex parte"
> proceeding.
> Furthermore, although Henderson asserts "transition from
> Michigan to Maine pursuant to both statutory laws govern by the Federal
> Code for Residency & the Code of Federal Regulations,"  he does not
> provide a statutory citation or reference and I have no knowledge of a
> generic Federal Code for Residency.   Henderson also seems to be
> complaining that he has been denied access to Maine's courts, but the
> exhibits he submits from both the Maine District Court and the Maine
> Probate court simply indicate that neither court has forms that Henderson
> can file in order to establish residency in the State of Maine.  This
> response is not surprising because I, like the clerks of the two state courts
> that have been contacted, am not aware of any judicial process that could

sua sponte determine a person's residence.  It seems to me most likely that any legal dispute involving residency in state or federal court would necessarily involve a legal action against a state individual, such as the Secretary of State or the head of the Department of Motor Vehicles or a municipal voter registration official who denied Henderson the legal rights of a resident once he had established his de facto residency in Maine.

(Feb. 21, 2008, Order Show Cause, Docket No. 3.)

I allowed Henderson until March 17, 2008, to file a properly completed application to proceed in forma pauperis, accompanied by a certified copy of his prison trust account, and to file an amended complaint that states a cognizable legal claim against a named individual or otherwise show cause why this application should not be summarily dismissed.  On March 3, 2008, the court received a return of the envelope containing this order with an indication that the facility needed a prisoner number.  The order was resent that same day. I have allowed Henderson a full week of additional time to respond and Henderson has filed nothing with the court.  I now recommend that the action be dismissed for lack of prosecution.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 25, 2008.                              /s/Margaret J. Kravchuk
                                             U.S. Magistrate Judge